IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SANDRA D. CARO**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.      § | Civil Action No. **3:15-CV-1210-L** |
| § | |
| **CITY OF DALLAS, TEXAS**, § | |
| § | |
| Defendant. § | |

## AMENDED MEMORANDUM OPINION AND ORDER

The court **issues** this Amended Memorandum Opinion and Order to correct the last sentence of the first full paragraph and add a new sentence on page 15 of its original Memorandum Opinion and Order filed on January 22, 2016. The substance and holding of the opinion does not change. The court issues the Amended Memorandum Opinion and Order solely to clarify and correct the wording initially used in the subject paragraph.

Before the court is Defendant City of Dallas's Motion to Dismiss, filed on June 3, 2015. After carefully considering the motion, brief, response, reply, pleadings, record, and applicable law, the court **grants** Defendant City of Dallas's Motion to Dismiss.

## I.     Factual and Procedural Background

Plaintiff Sandra D. Caro ("Caro" or "Plaintiff") filed this action against Defendant City of Dallas (the "City" or "Defendant") on April 21, 2015. Plaintiff contends that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). In this regard, Caro contends that after she engaged in protected activities—filing a state court lawsuit and complaining about her supervisor's allegedly discriminatory treatment—she was subjected to a

hostile work environment and then unlawfully fired. Plaintiff also alleges that Defendant interfered with her ability to take a disability-related leave of absence and then terminated her because of her disability. The City denies that it discriminated or retaliated against Caro in any fashion and contends that her entire lawsuit is barred by the doctrine of res judicata.

Caro is a former employee of the City and was last employed as a Coordinator in the Equipment and Building Services ("EBS") Department. On November 28, 2011, Plaintiff filed a Charge of Discrimination ("First Charge") with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the City failed to promote her because of her gender. Pl.'s First Am. Compl. ¶ 88. Plaintiff contends that her supervisor, Errick Thompson ("Thompson"), told her that he wanted someone "who looks like [him]." *Id.* ¶ 52. On March 13, 2012, Plaintiff filed a Second Charge of Discrimination ("Second Charge") with the TWC and the EEOC, alleging retaliation related to her gender under Title VII and the Texas Labor Code. *Id.* ¶ 91. Plaintiff received right-to-sue letters for the First and Second charges on June 12, 2012. *Id.* ¶¶ 94-95.

Prior to the current action, on November 12, 2012, Caro filed suit against the City in the 160th Judicial District Court, Dallas County, Texas (herein after referred to as "*Caro I*"). On May 7, 2013, Plaintiff filed her Second Amended Petition in *Caro I*, alleging violations of Chapter 21 of the Texas Labor Code that stemmed from alleged gender discrimination and retaliation. Plaintiff alleged that Defendant subjected her to an "involuntary demotion/sham reduction-in-force," denial of promotions, and placement into an undesirable position because of her gender in violation of the Texas Labor Code. Specifically, Caro contended that, when her position was eliminated in a reduction-in-force, the City failed to follow its established guidelines and did not subject similarly-situated males to the same reduction-in-force procedures. Caro further alleges

**Amended Memorandum Opinion and Order – Page 2**

that after the City allowed affected employees to bid on other available positions, she was not offered any of her three selected replacement positions: (1) a Manager II position in the Security Division ("Security Manager"); (2) a Manager I position ("Training Manager"); and (3) a Coordinator III position ("Coordinator") because of her gender. Plaintiff also contended that she was retaliated against for verbally opposing discrimination and filing charges of discrimination against Defendant in violation of the Texas Labor Code. Specifically, she alleged that, after she complained to Thompson that she was being treated unfairly because of her gender, her position was eliminated and she was forced to accept the Coordinator position. Caro contended that the Coordinator position was discriminatory because she was placed in a dilapidated building with undrinkable water and no lighting in the parking lot.

On July 31, 2014, Defendant filed a plea to the jurisdiction in *Caro I* and alleged that Caro lacked sufficient allegations and evidence to establish a prima facie case regarding her gender discrimination and retaliation claims. Defendant contended that the claims did not fall within the limited waiver of the City's governmental immunity from suit pursuant to the Texas Labor Code, and, thus, the court lacked subject matter jurisdiction to entertain the lawsuit. While the plea to the jurisdiction was pending, on August 19, 2014, the City discharged Plaintiff.

While *Caro I* was pending, on September 8, 2014, Plaintiff filed a Third Charge of Discrimination ("Third Charge") with the TWC and the EEOC alleging gender-related retaliation claims arising under Title VII, and, for the first time, disability discrimination and retaliation claims in violation of the ADA. On September 29, 2014, the state trial court granted Defendant's Plea to the Jurisdiction in *Caro I* and dismissed all of Plaintiff's pending claims, which included claims of gender discrimination and retaliation. Plaintiff did not appeal the ruling by the judge in *Caro I*.

**Amended Memorandum Opinion and Order – Page 3**

On January 23, 2015, Plaintiff received a right-to-sue letter for her Third Charge of discrimination regarding her disability retaliation charge. The right-to-sue letter made no reference to Plaintiff's Title VII claims. On April 22, 2015, Plaintiff received a right-to-sue letter for the Third Charge of discrimination regarding her Title VII claims.

On April 21, 2015, Plaintiff filed the current action. On May 7, 2015, Caro filed her First Amended Complaint ("Amended Complaint"), the live pleading in this action, asserting claims of discrimination and retaliation in violation of the ADA and Title VII. Specifically, in Count One, Plaintiff alleges that the City discriminated against her by firing her on August 19, 2014, because of her actual disability in violation of the ADA. In Count Two, Plaintiff alleges Defendant discriminated against her by discharging her on August 19, 2014, because of a "perceived" or "regarded as" disability in violation of the ADA. In Count Three, Plaintiff alleges Defendant engaged in unlawful interference, coercion, and intimidation in violation of the ADA. In Count Four, Plaintiff contends that the City retaliated against her by creating a hostile work environment and discharging her. Plaintiff contends that the hostile work environment began in February 2011 and continued until her termination on August 19, 2014. Defendant seeks dismissal of all claims on grounds of res judicata.

## II. Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

      The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Doctrine of Res Judicata

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen,* 442 U.S. 127, 131 (1979) (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (citation omitted). "When a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must look to the res judicata principles of the state from which the judgment was entered." *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.,* 336 F.3d 346, 357 (5th Cir. 2003) (citations omitted).

> In Texas, the party seeking dismissal on grounds of res judicata must establish:
>
> (1) there was a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them exists between the two actions, and (3) the second action is based on the same claims as were raised or could have been raised in the first action.

*Id.* (citing *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996)). For the third element, the Fifth Circuit has adopted the "transactional" test for determining whether two suits involve "the same claim or cause of action." *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir. 2004). Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff "'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* at 395-96 (quoting Restatement (Second) of Judgments § 24(1) (1982)). The Restatement's transactional test "represents the modern view" and is the preferable test. *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 n.4 (5th Cir.1983) (en banc). The critical determination is "whether the two actions are based on the

'same nucleus of operative facts.'" *Petro-Hunt,* 365 F.3d at 396 (internal quotations and citations omitted).

Res judicata may be properly raised by a motion to dismiss when "the facts are admitted or not controverted or are conclusively established." *Larter & Sons v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir. 1952). "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.*[1] As the state court's records have been attached to the motion to dismiss, they are now incorporated into and made a part of this court's records. Therefore, this court is permitted to take judicial notice of the documents and filings in *Caro I.*

## IV. Analysis

### A. *Caro I* is a Prior Final Judgment on the Merits by a Court of Competent Jurisdiction.

#### 1. Contentions of the Parties

Defendant contends that the dismissal of *Caro I* constitutes a final judgment on the merits by a court of competent jurisdiction. Plaintiff contends that the state district court was not a court of competent jurisdiction because its order of dismissal states that it lacked subject matter jurisdiction. Plaintiff further argues that Defendant is now prevented by judicial estoppel from arguing that the state court was a court of competent jurisdiction because this argument is inconsistent with Defendant's arguments in *Caro I* in which it took the position that the court did not have subject matter jurisdiction. Caro also contends that the judgment did not address the merits of Plaintiff's claims. She contends that the court should not look beyond the "four corners"

---

[1] Although *Larter* was decided over sixty years ago, it was cited with approval in *Clifton v. Warnaco, Inc.,* 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir.1995) (per curiam) (unpublished) (internal citations omitted); *see also Terrell v. DeConna,* 877 F.2d 1267, 1270 (5th Cir. 1989) (holding that res judicata can be raised by a motion to dismiss).

**Amended Memorandum Opinion and Order – Page 8**

of her Amended Complaint to make this determination. The City replies that the court may consider matters of public record in deciding a motion to dismiss under Rule 12(b)(6). Defendant contends it is well-established that state district courts have subject matter jurisdiction over employees' claims of discrimination and retaliation under the Texas Labor Code. As its final argument, Defendant contends that a dismissal for want of subject matter jurisdiction because of a municipality's governmental immunity constitutes a dismissal with prejudice, and, therefore, is a final judgment on the merits.

### 2. Plea to the Jurisdiction and Res Judicata

The City relies on the plea to the jurisdiction granted in *Caro I* to argue that res judicata applies in this case. "The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction … [or] a motion for summary judgment." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000) (footnote omitted). The City elected to challenge the state court's jurisdiction by way of a plea to the jurisdiction. "A plea to the jurisdiction is a dilatory plea, the purpose of 'which is generally to defeat an action without regard to whether the claims asserted have merit.'" *Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 635 (Tex. 2012) (quoting *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004)).

"Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. However, a plea to the jurisdiction can also properly challenge the *existence* of those very jurisdictional facts." *Id.* In those situations, "the court can consider evidence as necessary to resolve any disputes over those facts, even if that evidence 'implicates both the subject matter jurisdiction of the court and the merits of the case.'" *Id.* Under Texas law,

> because a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue

> before proceeding with the case. But the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction. Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should wait a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion.

*Blue,* 34 S.W.3d at 554.

Immunity is waived only if a plaintiff properly alleges a cause of action. "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. The court should, of course, confine itself to the evidence relevant to the jurisdiction issue." *Id.* at 555. "Chapter 21 of the Labor Code waives immunity from suit only when the plaintiff actually states a claim for conduct that would violate the TCHRA." *Garcia,* 372 S.W.3d at 637.

In discussing immunity and jurisdiction in *Garcia*, the court relied heavily on *State v. Lueck,* 290 S.W.3d 876 (Tex. 2009).[2] *See Garcia,* 372 S.W.3d at 636-638. The court stated the following:

> [T]he section waiving immunity from suit, Section 21.254, provides that after satisfying certain administrative requirements, "the *complainant* may bring a civil action." A "complainant" is defined in the TCHRA as "an individual who brings an action or proceeding *under this chapter.*" Thus as in *Lueck,* it necessarily follows that a plaintiff must actually "bring [] an action or proceeding under this chapter" in order to have the right to sue otherwise immune governmental employers. For a plaintiff who proceeds along the *McDonnell Douglas* burden-shifting framework, the prima facie case is the necessary first step to bringing a discrimination claim under the TCHRA. Failure to demonstrate those elements means the plaintiff never gets the presumption of discrimination and never proves his claim. And under the language of Chapter 21 and our decision in *Lueck*, that failure also means the court has no jurisdiction and the claim should be dismissed.

---

[2] The holding in *Lueck* involved the application of the doctrine of sovereign immunity. *Id.* The reasoning of *Lueck* applies with equal force to a city's governmental immunity because: "[s]overeign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit.… Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris Cnty., Tex. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004) (citations omitted).

**Amended Memorandum Opinion and Order – Page 10**

(footnotes and citations omitted). *Id.* at 637.  The court further stated:

> [W]hile a plaintiff must plead the elements of her statutory cause of action—here the basic facts that make up the prima facie case—so that the court can determine whether she has sufficiently alleged a TCHRA violation, she will only be required to submit evidence if the defendant presents evidence negating one of those basic facts.

*Id.*

A review of the record demonstrates that Plaintiff was unable to establish a prima facie case of discrimination or retaliation, effectively negating the state court's subject matter jurisdiction to hear the claims asserted in *Caro I*.  Under Texas law,

> to establish a prima facie case of discrimination based on the employer's failure to promote, the employee must show: (1) she is a member of a protected class; (2) she was qualified for an available employment position; (3) despite her qualifications, the employee was not selected for the position; and (4) the employer selected someone not in the employee's protected class or continued to seek applicants with the employee's qualifications.

*Anderson v. Houston Cmty. Coll. Sys.,* 458 S.W.3d 633, (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Elgahil v. Tarrant Cnty. Junior Coll.,* 45 S.W.3d 133, 139 (Tex. App—Fort Worth 2000, pet. denied)). To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in activity protected by the Texas Labor Code; (2) that she suffered an adverse employment action; and (3) that a casual link exists between a plaintiff's protected activity and the adverse employment action.  *Crutcher v. Dallas Indep. Sch. Dist.,* 410 S.W.3d 487, 493 (Tex. App.—Dallas 2013, no pet.).[3]

---

[3] Under federal law, to set forth a prima facie case of discrimination, a plaintiff challenging a failure to promote must establish that:

> (1) [she] was not promoted, (2) [she] was qualified for the position [she] sought, (3) [she] fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of [the protected class].

*Autry v. Fort Bend Indep. Sch. Dist.,* 704 F.3d 344, 46-47 (5th Cir. 2013) (footnotes and citations omitted). To establish a prima facie case of retaliation under Title VII, a plaintiff must show: "(1) that she engaged

**Amended Memorandum Opinion and Order – Page 11**

In Defendant City of Dallas's Plea to the Jurisdiction, the City pointed to uncontroverted allegations and evidence that Plaintiff could not state a prima facie claim of gender discrimination or retaliation—a claim for conduct that would violate the Texas Labor Code. The City did not dispute that Caro is a member of a protected class. Regarding the Training Manager position, Defendant further contended that it did not offer the position to Caro because she did not have the qualifications required for the position. The position required the Training Manager to oversee the training program for the automotive specialists, and, therefore, the successful candidate needed mechanical or fleet training expertise. Plaintiff lacked these credentials. Defendant further contended that Plaintiff could not establish that the positions she sought were awarded to a male or that the City continued to seek people for the same position with the same qualifications as Plaintiff. Defendant argued that the reduction-in-force was unrelated to Plaintiff's gender and, instead, was necessitated because of a struggling economy. Regarding the Security Manager position, Defendant argued that it decided to reclassify the job from a Manager II position to a Manager III position, which has greater job responsibilities than a Manager II.[4]

Additionally, the City argued that Plaintiff did not allege facts sufficient to establish a prima facie case of retaliation. Defendant contended that Caro incorrectly attributed the decision to include her position in the reduction-in-force to members of the EBS team; however, members of the City's Strategic Services Department made the decision to include her position in the reduction-in-force. Defendant further alleged that Caro failed to prove that those individuals knew of her reports of discrimination. As its final argument, Defendant contended that Plaintiff could

---

in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.,* 88 F.3d 300, 304 (5th Cir. 1996) (citations and quotation marks omitted).

[4] Plaintiff interviewed and progressed to the second stage of interviews for the position; however, she voluntarily withdrew her name from consideration for the position.

**Amended Memorandum Opinion and Order – Page 12**

not show that but for her protected activity she would have been offered the Security Manager position. In response, Plaintiff contended that she initially joined the EBS department after being approached while working in another department, Strategic Customer Service, and was promised a promotion to the Security Manager position if she moved to the EBS department. Despite the City's promises, Plaintiff contended that the City moved a male into the Security Manager position. Plaintiff further alleges that the Coordinator position was a downgrade—she was placed in a dilapidated building with undrinkable water and no lighting in the parking lot. Plaintiff did not rebut the City's other arguments or evidence.

Although the state court's order is truncated, in reviewing the pleadings submitted by the parties, the documents filed in state court, and the transcript of the hearing, the court can only logically and reasonably infer that the state court concluded that it lacked subject matter jurisdiction because Caro failed to plead or establish conduct sufficient to violate the Texas Labor Code. The crux of the plea to the jurisdiction was that Plaintiff could not establish a prima facie case of discrimination or retaliation, that the City, therefore, was immune from suit, and that the state court should dismiss Caro's lawsuit for want of jurisdiction. Plaintiff disagreed and asserted that she could establish each element of a prima facie cases for discrimination and retaliation.

During the hearing on the City's plea to the jurisdiction, the court heard matters regarding Plaintiff's ability to establish the elements of a prima facie case. There were no other motions pending from the parties, and, thus, the state court only heard arguments related to the City's plea to the jurisdiction. A dismissal for want of subject matter jurisdiction because of a municipality's governmental immunity is a dismissal with prejudice, and, therefore, is a final judgment on the merits. *Garcia,* 372 S.W.3d at 637.

The argument that the state court was not a court of competent jurisdiction is without merit. As Caro filed her claims in state court, this court simply cannot understand why she now contends that the state court was not one of competent jurisdiction. No one can seriously assert that the state district court was not a court of competent jurisdiction. A court has the inherent authority to determine whether it has jurisdiction to entertain an action. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 502 (Tex. 2010) (citations omitted). The state court necessarily had to determine whether Caro had set forth sufficient allegations or evidence to establish a prima facie case regarding her claim of discrimination and retaliation. As such, this court concludes that under applicable Texas law, the *Caro I* state court order is a final judgment on the merits and that the dismissal is with prejudice.

### 3. Judicial Estoppel

Plaintiff contends that the City is judicially estopped from arguing that the state court ruling was a final judgment on the merits issued by a court of competent jurisdiction. Plaintiff contends that in *Caro I*, the City argued that the state court lacked subject matter jurisdiction to hear the matter. Caro now contends that the City's current position—the state court's ruling was issued by a court of competent jurisdiction—is inconsistent with the position relied on and accepted by the state court in its ruling that it did not have subject matter jurisdiction to hear *Caro I*. Defendant responds that Caro's argument places form over substance and disregards the basis for the dismissal of *Caro I*. Defendant contends it never argued that the court in *Caro I* lacked the power to act over the subject matter of Plaintiff's claims. Rather, the City sought dismissal of Plaintiff's claims because Plaintiff could not establish all of the elements of a prima facie case regarding her claims, and, thus, establish a waiver of the City's governmental immunity invoking the state

court's subject matter jurisdiction. The court agrees with the City, as Caro misapprehends the doctrine of judicial estoppel.

"The purpose of the doctrine is to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Browning Mfg. v. Mims*, 179 F.3d 197, 205 (5th Cir. 1999) (internal quotation marks and citation omitted). To establish judicial estoppel, a party must prove: "(1) the party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Flugence v. Axis Surplus Ins. Co.*, 738 F.3d 126, 129 (5th Cir. 2013) (citation omitted).

The court is not persuaded by Plaintiff's argument that the City is judicially estopped from arguing that *Caro I* was issued by a court of competent jurisdiction. Plaintiff alleges that in *Caro I*, the City took the position that the state court lacked subject matter jurisdiction to hear the lawsuit. Plaintiff contends that the City now takes the position that the state court *did* have subject matter jurisdiction over the lawsuit. At the hearing, the City conceded that the state district court had jurisdiction over Plaintiff's claims *if* she were able to establish a prima facie case of discrimination and retaliation. Sept. 3, 2014 Hr'g Tr. 4:8-16 (App. 109). Plaintiff was unable to set forth sufficient allegations or evidence to establish a prima facie case and, therefore, establish a waiver of the City's governmental immunity. Since there was no waiver of governmental immunity, the state court had no jurisdiction to entertain Plaintiff's claims in *Caro I*.

On the other hand, had Plaintiff established a prima facie case in *Caro I,* governmental immunity for the City would have been waived, and the state court **would** have had jurisdiction to entertain the lawsuit; however, this was not the case. For these reasons, the City has not asserted a legal position in this action that is inconsistent with the position asserted in *Caro I*, and, therefore,

the doctrine of judicial estoppel does not apply to this action. Having found that Caro is unable to establish that the City's prior position is inconsistent with the position taken in this case, there is no need for the court to address the second and third elements of the doctrine of judicial estoppel.

### B.    The Parties in *Caro I* and This Action Are Identical.

Regarding the second element, the parties do not dispute that the parties in this litigation are identical to those in *Caro I*. Moreover, the court expressly finds that the parties in both actions are the same—the City and Caro. Therefore, the second element for res judicata has been met.

### C.    Plaintiff's Title VII Claims Are Barred by Res Judicata Because They Are Based on the Same Claims as Raised in *Caro I*.

Defendant argues Plaintiff's Title VII hostile work environment retaliation claims are barred by res judicata because she previously alleged the same theories of sex discrimination and retaliation in *Caro I*. Plaintiff responds that her claims are not barred because her state court gender-related claims were brought pursuant to the Texas Labor Code, and in this litigation her claims are brought pursuant to Title VII.[5] Additionally, Plaintiff argues that this lawsuit is different from *Caro I*, because, in this case, she also alleges a hostile work environment claim, which she did not bring in *Caro I*. Defendant counters that Plaintiff's hostile work environment claim is barred because she pleaded the claim in *Caro I* and later, in writing, abandoned the claim. Defendant contends that res judicata bars all claims that a diligent plaintiff could have brought in her prior lawsuit and that Plaintiff could have brought the hostile work environment and retaliation claims in *Caro I* but, she, instead, elected to abandon these claims.

The court must decide whether *Caro I* and this lawsuit arise from the same nucleus of operative facts. On September 24, 2013, Plaintiff filed her Second Amended Petition in *Caro I*

---

[5] The court finds this argument unavailing. It is well-established that the law governing the Texas Labor Code and Title VII for prima facie cases is the same. *See Black v. Pan Am. Labs., L.L.C.,* 646 F.3d 254, 259 (5th Cir. 2011).

**Amended Memorandum Opinion and Order – Page 16**

alleging: (1) gender discrimination under the Texas Labor Code; and (2) retaliation under the Texas Labor Code. On October 9, 2013, Defendant sent a Rule 11 Agreement to Plaintiff confirming that "the City will not pursue a previously identified third special exception in exchange for Caro's agreement that her Second Amended Petition does not state a claim or seek recovery on a theory or claim of sexual harassment or *hostile work environment* based on gender or any other protected category." Def.'s App. 19 (emphasis added). On July 31, 2014, Defendant filed its plea to the jurisdiction. On August 19, 2014, Plaintiff's employment was terminated. On September 8, 2014, Plaintiff filed her Third Charge with the TWC and the EEOC, alleging gender-related retaliation claims under Title VII, and disability discrimination and retaliation claims in violation of the ADA. On September 29, 2014, the state trial court granted Defendant's Plea to the Jurisdiction and dismissed all of Plaintiff's claims in *Caro I*. On April 22, 2015, Plaintiff received a right-to-sue letter regarding her Title VII claims but not her ADA claims. In this lawsuit, Plaintiff alleges that she was subjected to a hostile work environment and then retaliated against in violation of Title VII. Plaintiff contends that her

> protected activities include filing [*Caro I*] on November 12, 2012—which remained pending, continuously and without interruption, including through the time of the City's final, ultimate decision to remove Caro from its payroll. Caro's protected activities also include going to the City's auditor, Ms. Amy Messer, on April 26, 2013[,] to complain about Johnson's treatment of her—which, manifestly was designed to get rid of Caro.

Pl.'s First Am. Compl. ¶ 204(A). Plaintiff further alleges that the City's actions date back to February 2011. *Id.* ¶ 204 (C).

Regarding Plaintiff's Title VII claims, the court finds that those claims involve "the same nucleus of operative facts" as in *Caro I,* and they certainly could have been brought in *Caro I*. After examining the pleadings, it is clear that the Title VII retaliation claims arise out of the same facts alleged in *Caro I*. In her Amended Complaint, Plaintiff asserts that the protected activities

occurred from November 12, 2012, until her termination on August 19, 2014. Plaintiff could have easily brought these claims in *Caro I* had she exercised diligence in asserting them, as the alleged protected activity and the adverse actions—creation of hostile work environment and eventual termination—occurred *during* the pendency of *Caro I*.

Unlike Rule 15 of the Federal Rules of Civil Procedure, which restricts a party's right to amend, Rule 63 of the Texas Rules of Civil Procedure liberally allows a party to amend her pleadings as late as seven days before trial. Tex. R. Civ. P. 63. Although Plaintiff did not bring her retaliation claims arising out of her termination until she filed the current action, she clearly could have brought them prior to the court's dismissal, which occurred 41 days after her termination, had she been diligent in asserting these claims. Notably, Plaintiff did bring the hostile work environment claims; however, she agreed to abandon those claims in *Caro I*. Accordingly, Plaintiff's failure to do so renders the Title VII claims barred by res judicata.

### D. Plaintiff's ADA Claims are Barred by Res Judicata Because They Could Have Been Raised in *Caro I*.

The City argues that Plaintiff could have brought her ADA discrimination claims in *Caro I*. Plaintiff contends that her ADA claims are not barred by res judicata because in *Caro I* she was procedurally prevented from asserting any disability-related claims until she received her right-to-sue letter from the EEOC. The City counters that, while Plaintiff was required to submit her disability discrimination claims to the EEOC prior to presenting them to a court, the doctrine of res judicata requires that Plaintiff pursue the claims diligently. Defendant contends that Plaintiff should have informed the state court that additional charges before the EEOC were pending as of September 8, 2014, and that she could have sought to amend her petition or continue the trial date so that these claims could have been tried in *Caro I*.

A right-to-sue letter is a condition precedent to filing an ADA claim. *See Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-789 (5th Cir. 1996). Caro maintains that she was unable to bring her disability claims in *Caro I* because she had not received her right-to-sue letter. A plaintiff is barred from bringing claims when he or she fails to take measures to avoid preclusion under res judicata while the requisite administrative remedies are being pursued. *See Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 315 (5th Cir. 2004). "[A] plaintiff who brings a[n] … action and files administrative claims with the EEOC must still comply 'with general rules governing federal litigation respecting other viable claims.'" *Id.* at 316 (quoting *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 39-40 (2d Cir.1992)).

Because the ADA claims arose during the pendency of the state court action, Caro was on notice to include the disability claims in the state court action. *See Davis,* 383 F.3d at 316. To avoid her claims from being precluded, Caro should have requested a stay or continuance in the state court action until she received her right-to-sue letter. *See id.* She made no request for a stay or continuance, and, accordingly, res judicata bars assertion of claims related to the City's alleged disability discrimination and retaliation.

**V.     Conclusion**

For the reasons stated herein, the court **concludes** that Plaintiff's claims in this case for violations of the ADA and Title VII are barred by the doctrine of res judicata. Plaintiff, therefore, has failed to state a claim upon which relief can be granted; and the court **grants** Defendant City of Dallas's Motion to Dismiss and **dismisses with prejudice** this action. As required by Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**It is so ordered** this 1st day of February, 2016.

_____
Sam A. Lindsay
United States District Judge